United States District Court
District of Connecticut
FILED AT NEW HAVEN

August 17, 20 23

By     S. Santos
         Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ONE CERTAIN ACCOUNT STORED AT PREMISES CONTROLLED BY GOOGLE LLC

Case No. 3:23-mj-00720 (MEG)

August 16, 2023

## APPLICATION FOR NON-DISCLOSURE ORDER

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that Google LLC ("Provider") may not notify any person of the existence of the above-captioned warrant **until August 16, 2024, absent further order from the Court.**

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). The above-captioned warrant requires the Provider to disclose certain records and information to the United States pursuant to 18 U.S.C. § 2703(a), (b)(1)(A), and (c)(1)(A).

Because the government is not required to provide notice of the warrant under 18 U.S.C. §2703(b)(1), the government may apply for an order under 18 U.S.C. § 2705(b) "commanding a provider of electronic communications service or remote computing service . . . , for such period as the court deems appropriate, not to notify any other person of the existence" thereof. The order shall issue if the Court "determines that there is reason to believe that notification of the existence" of the warrant would result in one of several enumerated harms, including "flight from prosecution; destruction of or tampering with evidence; . . . or otherwise seriously jeopardizing an investigation."

In this case, a non-disclosure order is appropriate because the warrant relates to an ongoing criminal investigation which is neither public nor known to all of the subjects of the

investigation. Accordingly, disclosure of the warrant would likely alert the subjects of the investigation to the existence of the investigation.

Given the nature of this investigation, much of the evidence likely exists in electronic form. If alerted to the existence of the investigation, the subjects of the investigation could easily destroy or tamper with that evidence, whether stored by a third-party service provider or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation, including by giving subjects of the investigation an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order(s) directing the Provider not to disclose the existence or contents of the warrant **until August 16, 2024, absent further order from the Court**, except that the Provider may disclose the warrant to an attorney for the purpose of receiving legal advice.

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*Edward Chang*

EDWARD CHANG
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct26472
157 Church Street, 25th Floor
New Haven, CT 06510